WILLIAM B. THOMAS *vs.* STORY D. POOLE.

This boundary in a deed, " by a new way or street now staked out and to be opened by the grantor thirty feet wide, extending from M. Street along on the northerly side of said lot hereby conveyed, westerly to land of J. S." is a covenant that the way shall be opened as then staked out, as far as the land of J. S., although beyond the land granted; and if the deed is duly recorded, is binding to that extent on subsequent purchasors from the grantor.

ACTION OF TORT for the obstruction of a way. The case was submitted to the decision of the court upon the following statement of facts :

Jacob Butters conveyed to the plaintiff, by deed duly recorded, a lot of land on the westerly side of Main Street in Medford, bounded " northerly upon a new way or street now staked out, and to be opened by the said Butters, thirty feet wide, extending from said Main Street along on the northerly side of said lot hereby conveyed, westerly to land of the heirs of Dr. Luther Stearns, deceased."

At the time of this conveyance, Butters owned the land adjoining the plaintiff's land and west of it, over which the way was then staked out; and he subsequently changed the course of the way over this adjoining lot, but left that part of it which bounded on the land of the plaintiff unchanged, preserving the width as originally staked out. He afterwards sold and con-

veyed by deed of warranty to the defendant a lot west of the plaintiff's, and bounding on the way as he had subsequently laid it out. The defendant erected on that lot a dwelling house, part of which stood on the land over which the way was first staked out and described in the deed to the plaintiff; and obstructed that way, but not the street as subsequently laid out. The plaintiff never consented to any alteration in the location of the way, but always protested against it, and against any obstruction being placed thereon. The defendant at the time of his purchase had no knowledge that the way had ever been staked out, but was informed of it before he erected the obstruction complained of. The defendant admitted that the plaintiff had a right to use the way as far as it was bounded by his premises, but denied the right to use it beyond that point.

*G. D. Porter*, for the plaintiff.

*T. S. Harlow*, for the defendant.

DEWEY, J. The question raised in the present case is as to the effect of the deed of Jacob Butters to the plaintiff. It is conceded by the defendant that the words of the deed are sufficient to operate as a covenant that there is such a way or street as is described in the deed, to the extent of the land conveyed to the plaintiff; but the questions in controversy are whether the covenant as to the ways goes further, and embraces the entire length of the ways, as described in the deed; and whether the locality of the way is so fixed by the deed, that a change in the course or line of the way may not be made, leaving the terminus the same as it was described.

The leading case on this subject, *Parker* v. *Smith*, 17 Mass. 413, settled the general principle so often since recognized, that if land be conveyed as bounded upon a way or street, this is not merely a description, but an implied covenant that there is such a way, and the grantor and his heirs are estopped to deny such a way as existing. So also a boundary " on a passage way two rods wide, which is to be laid out between the premises and land of A," estops the grantor and those claiming under him, to deny the existence of the passage way. *Tufts* v *Charlestown*, 2 Gray, 271.

The only question that can be made in the present case is as to the extent to which by the deed the grantor bound himself as to the ways therein named. The language of the deed, it is to be observed, is very strong. It is a boundary " upon a new way or street now staked out, and to be opened by the said Butters, thirty feet wide, extending from Main Street westerly to land of the heirs of Luther Stearns." This way or street was fully defined and marked out, having monuments placed thereon distinctly in view of the parties, and its precise location may naturally be supposed to have entered into the consideration of the purchase. Nor was it a compliance with the deed that the street, when changed, extended as far west as was required by the deed. The grantee had the right to have the street in the particular course staked out; and a change therefrom might, as in fact it has done, leave his house on a street not a straight line, but diverging after passing the house.

The court are of opinion that this was a grant or stipulation for a way or street in the particular line staked out, and that the plaintiff may be considered as having purchased under that stipulation on the part of his grantor, and that it was not to be a street or way, coextensive merely with the land conveyed to the plaintiff, but for the entire distance of the way or street then staked out, westerly to the land of the heirs of Luther Stearns. The defendant holds by a subsequent deed from the grantor of the plaintiff, and takes his deed subject of course to all prior grants incumbering the premises.

Nor is it any objection that no plan or more particular description of the street was recorded in the registry of deeds, inasmuch as the deed of Butters to the plaintiff was duly recorded, in which this street was fully described by reference to monuments there given. Nothing further was necessary to secure the rights of the plaintiff.      *Judgment for the plaintiff.*